# U.S. District Court
# Eastern District of Missouri (St. Louis)
# CIVIL DOCKET FOR CASE #: 4:19−cv−01432−JAR

| | |
|---|---|
| Sansone Group DDR LLC v. Pennington−Thurman | Date Filed: 05/24/2019 |
| Assigned to: District Judge John A. Ross | Date Terminated: 06/27/2019 |
| Demand: $800,000 | Jury Demand: Defendant |
| Case in other court: Circuit Court of the City of St. Louis, 1922−AC05827 | Nature of Suit: 446 Civil Rights: Americans with Disabilities − Other |
| Cause: 28:1446 Petition for Removal | Jurisdiction: Federal Question |

**Plaintiff**

**Sansone Group DDR LLC**      represented by **Patrick T. McLaughlin**
SPENCER FANE LLP
1 N. Brentwood Blvd.
Suite 1000
St. Louis, MO 63105
314−863−7733
Fax: 314−862−4656
Email: pmclaughlin@spencerfane.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

V.

**Defendant**

**Wilma M. Pennington−Thurman**      represented by **Wilma M. Pennington−Thurman**
P.O. Box 771201
St. Louis, MO 63177
314−566−2106
PRO SE

Email All Attorneys
(will not send to terminated parties)

Email All Attorneys and Additional Recipients
(will not send to terminated parties)

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/24/2019 | 1 | | NOTICE OF REMOVAL from Circuit Court of the City of St. Louis, case number 1922−AC05827, Jury Demand, filed by Wilma M. Pennington−Thurman. (Attachments: # 1 State Court Docket Sheet and Affidavit of Service, # 2 Civil Cover Sheet, # 3 Original Filing Form)(JWD) (Entered: 05/28/2019) |
| 05/24/2019 | 2 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Leave to Proceed in forma pauperis by Defendant Wilma M. Pennington−Thurman. (JWD) (Entered: 05/28/2019) |
| 05/24/2019 | 3 | | MOTION to Appoint Counsel by Defendant Wilma M. Pennington−Thurman. (JWD) (Entered: 05/28/2019) |
| 05/28/2019 | | | Case Opening Notification: All non−governmental organizational parties (corporations, limited liability companies, limited liability partnerships) must file Disclosure of Organizational Interests Certificate (moed−0001.pdf). Judge Assigned: Honorable John A. Ross. (JWD) (Entered: 05/28/2019) |
| 05/28/2019 | | | ***Complaint Letter Created. This is to advise you that this office has received and filed your complaint and has assigned it the above−referenced case number. (JWD) (Entered: 05/28/2019) |
| 05/28/2019 | | | ***Complaint Letter Processed (see notice of electronic filing for distribution list) Tue May 28 11:01:14 CDT 2019 (admin,) (Entered: 05/28/2019) |
| 05/28/2019 | 4 | | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Wilma M. Pennington−Thurman Sent To: State Court − Executed (JWD) (Entered: 05/28/2019) |
| 05/30/2019 | 5 | | ENTRY of Appearance by Patrick T. McLaughlin for Plaintiff Sansone Group DDR LLC. (McLaughlin, Patrick) (Entered: 05/30/2019) |
| 06/13/2019 | 6 | | MOTION to Remand Case to State Court to Circuit Court of the City of St. Louis by Plaintiff Sansone Group DDR LLC. (McLaughlin, Patrick) (Entered: 06/13/2019) |
| 06/13/2019 | 7 | | MEMORANDUM in Support of Motion re 6 MOTION to Remand Case to State Court to Circuit Court of the City of St. Louis filed by Plaintiff Sansone Group DDR LLC. (McLaughlin, Patrick) (Entered: 06/13/2019) |
| 06/27/2019 | 8 | | MEMORANDUM AND ORDER: IT IS HEREBY ORDERED that Plaintiffs Motion to Remand (Docket No. 6 ) is GRANTED. IT IS FURTHER ORDERED that this case is REMANDED to the 22nd Judicial Circuit Court of the City of St. Louis, Associate Judge Division, pursuant to 28 U.S.C. § 1447(c). A separate order of remand will be entered herewith. IT IS FURTHER ORDERED that defendant Wilma M. Pennington−Thurman's pending motions (Docket Nos. 2 and 3 ) are DENIED as moot. Signed by District Judge John A. Ross on 6/27/19. (JAB) (Entered: 06/27/2019) |
| 06/27/2019 | 9 | | ORDER OF REMAND: In accordance with the Memorandum and Order entered herewith, IT IS HEREBY ORDERED that this case is REMANDED to the 22nd Judicial Circuit Court of the City of St. Louis, Associate Judge Division, from which it was removed. Signed by District Judge John A. Ross on 6/27/19. (JAB)(Remark: Memorandum and Order, Order of Remand, and docket sheet mailed to 22nd Judicial Circuit) (Entered: 06/27/2019) |
| 06/27/2019 | | | ORDER RECEIPT: (see receipt) Docket No: 8, 9. Mailed to party not set up for electronic notification Thu Jun 27 11:43:26 CDT 2019 (Bernsen, John) (Entered: 06/27/2019) |
| 06/28/2019 | 10 | | RESPONSE to Motion re 6 MOTION to Remand Case to State Court to Circuit Court of the City of St. Louis filed by Defendant Wilma M. Pennington−Thurman. (Attachments # 1 Exhibit A−E) (JAB). (Entered: |

| | | | |
|---|---|---|---|
| | | | 07/09/2019) |
| 07/09/2019 | 11 | | MOTION to Alter or Amend Judgment by Defendant Wilma M. Pennington–Thurman. (JAB) (Entered: 07/09/2019) |
| 07/09/2019 | 12 | | MOTION for Emergency Preliminary Injunction by Defendant Wilma M. Pennington–Thurman. (JAB) (Entered: 07/09/2019) |
| 07/23/2019 | 13 | | MEMORANDUM AND ORDER : IT IS HEREBY ORDERED that Wilma M. Pennington–Thurman's Motion to Alter or Amend Judgment (ECF No. 11 ) is DENIED. IT IS FURTHER ORDERED that Wilma M. Pennington–Thurman's Motion for Emergency Preliminary Injunction (ECF No. 12 ) is DENIED.. Signed by District Judge John A. Ross on 7/23/19. (KKS) (Entered: 07/23/2019) |
| 07/23/2019 | | | ORDER RECEIPT: (see receipt) Docket No: 13. Mailed to party not set up for electronic notification Tue Jul 23 12:40:25 CDT 2019 (Stamm, Katie) (Entered: 07/23/2019) |
| 08/05/2019 | 14 | | NOTICE OF APPEAL as to 13 Memorandum & Order, by Defendant Wilma M. Pennington–Thurman. (KKS) (Entered: 08/06/2019) |
| 08/07/2019 | 15 | | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Wilma M. Pennington–Thurman Sent To: Plaintiff (CLO) (Entered: 08/08/2019) |
| 08/07/2019 | 16 | | SUPPLEMENTAL– State Court Docket Sheet by Defendant Wilma M. Pennington–Thurman. (CLO) (Entered: 08/08/2019) |
| 08/08/2019 | 17 | | NOTIFICATION OF APPEAL AND NOA SUPPLEMENT by clerk to USCA regarding 13 Memorandum & Order,. Notice of Appeal filed on 08/06/2019 by Defendant Wilma M. Pennington–Thurman. NOTIFICATION TO COUNSEL AND PRO SE PARTY: FILE REQUEST FOR TRANSCRIPT WITH DISTRICT COURT CLERKS OFFICE.(MFG) (Entered: 08/08/2019) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANSONE GROUP DDR LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19-cv-1432-JAR |
| WILMA M. PENNINGTON-THURMAN, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Presently before this Court is the motion of plaintiff Sansone Group DDR LLC ("Sansone") to remand this action to the 22nd Judicial Circuit Court of the City of St. Louis, Associate Judge Division, pursuant to 28 U.S.C. § 1447. (Docket No. 6). For the reasons discussed below, the motion will be granted, and this case will be remanded.

**Background**

On May 7, 2019, Sansone filed a petition in the 22nd Judicial Circuit Court of the City of St. Louis, Associate Circuit Division, alleging that defendant Wilma M. Pennington-Thurman ("Pennington-Thurman") breached a written residential lease. *See Sansone Group LLC v. Pennington-Thurman*, No. 1922-AC05827 (22nd Jud. Cir. 2019). Sansone sought judgment under Missouri state law for $1,800 in unpaid rent, along with possession of the premises.

On May 28, 2019, Pennington-Thurman filed a Notice of Removal in this Court, stating "[t]his is a counterclaim filed by Defendant Wilma Pennington-Thurman and those similarly situated." (Docket No. 1). She stated she was a senior citizen living in subsidized housing, that she refused to pay rent until the property was repaired, and that living at the property had made her ill. She invoked this Court's federal question jurisdiction, and cited various federal statutes.

Sansone filed the instant motion on June 13, 2019, seeking remand pursuant to 28 U.S.C. § 1447. In support, Sansone argues that the state court petition is based solely upon state law, that there is no factual basis to support diversity jurisdiction or federal question jurisdiction, and that Pennington-Thurman cannot establish federal question jurisdiction by alleging a counterclaim. Pennington-Thurman has not responded, and the time for doing so has passed.

## Discussion

Sansone's motion is well taken. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17-18 (1951).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, the action must arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met. *Id.*; *see also Peters v. Union Pacific R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party seeing removal and opposing remand bears the burden of establishing federal jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). Doubts concerning federal jurisdiction should be resolved in favor of remand. *Id.*

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded-complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392 (emphasis added); *see also Holmes Group, Inc. v. Vornado Air Circulation*

*Systems, Inc.*, 535 U.S. 826, 830 (2002) (the well-pleaded complaint rule governs whether a case "arises under" federal law for purposes of determining federal question jurisdiction). Here, review of Sansone's petition shows it is based solely upon Missouri law. It presents no federal question, and therefore can provide no basis for federal question jurisdiction. In her Notice of Removal and accompanying documents, Pennington-Thurman invokes this Court's federal question jurisdiction because she has a counterclaim premised upon federal law. However, this is an improper basis for removal. A counterclaim "cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc.*, 535 U.S. at 831; *see also First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) (a counterclaim cannot establish "arising under" jurisdiction).

Therefore, if jurisdiction exists at all, it must be predicated upon diversity of citizenship. However, the parties are not diverse, and the amount in controversy in Sansone's petition is below the jurisdictional threshold. *See* 28 U.S.C. § 1332(a). Even if the requirements for diversity jurisdiction were met, this action would not be removable because Pennington-Thurman is a citizen of Missouri, where the action was brought. *See* 28 U.S.C. § 1441(b)(2) (actions removable solely on the basis of diversity of citizenship "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Accordingly, this action will be remanded to the 22nd Judicial Circuit Court of the City of St. Louis, Associate Judge Division.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Docket No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the 22nd Judicial Circuit Court of the City of St. Louis, Associate Judge Division, pursuant to 28 U.S.C. § 1447(c). A separate order of remand will be entered herewith.

**IT IS FURTHER ORDERED** that defendant Wilma M. Pennington-Thurman's pending motions (Docket Nos. 2 and 3) are **DENIED** as moot.

Dated this 27th day of June, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANSONE GROUP DDR LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:19-cv-1432-JAR |
| | ) |
| WILMA M. PENNINGTON-THURMAN, | ) |
| | ) |
| Defendants. | ) |

### ORDER OF REMAND

In accordance with the Memorandum and Order entered herewith,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the 22nd Judicial Circuit Court of the City of St. Louis, Associate Judge Division, from which it was removed.

Dated this 27th day of June, 2019.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANSONE GROUP DDR LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-1432-JAR |
| ) | |
| WILMA M. PENNINGTON-THURMAN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Presently before the Court is Wilma M. Pennington-Thurman's "Motion to Alter or Amend a Judgment," filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 11) and "Motion for Emergency Preliminary Injunction Pursuant to Federal Rules of Civil Procedure 65." (ECF No. 12). Both motions will be denied.

**Background**

On May 7, 2019, Sansone Group DDR LLC ("Sansone") filed a petition in the 22nd Judicial Circuit Court of the City of St. Louis, Associate Circuit Division, alleging that defendant Wilma M. Pennington-Thurman ("Pennington-Thurman") breached a written residential lease. *See Sansone Group LLC v. Pennington-Thurman,* No. 1922-AC05827 (22nd Jud. Cir. 2019). Sansone sought judgment under Missouri state law for $1,800 in unpaid rent, along with possession of the premises.

On May 28, 2019, Pennington-Thurman, a frequent pro se and in forma pauperis litigator in this Court, filed a Notice of Removal. Therein, she stated "[t]his is a counterclaim filed by Defendant Wilma Pennington-Thurman and those similarly situated." (ECF No. 1). She stated she was a senior citizen living in subsidized housing, that she refused to pay rent until the property

was repaired, and that living at the property had made her ill. She invoked this Court's federal question jurisdiction and cited various federal statutes.

On June 13, 2019, Sansone filed a motion to remand pursuant to 28 U.S.C. § 1447. The motion was well taken and, on June 27, 2019, the Court granted it and remanded the case to state court. In its Memorandum and Order, the Court noted that Pennington-Thurman had not responded to the motion, and the time for doing so had passed. However, the Court simply noted this fact in setting forth the background of the case. Pennington-Thurman's failure to timely respond played no role in the Court's decision to grant the motion and remand the case.

In the instant Motion to Alter or Amend, Pennington-Thurman argues that this Court erroneously determined that she failed to timely respond to the motion. In support, she cites "Rule 12(a)(c)" of the Federal Rules of Civil Procedure, notes that it provides that a party may serve a reply to an answer within 21 days of being served with an order to reply, and states she did not receive "an order to reply and 21 days had not happened." (ECF No. 11 at 1). In the Motion for Emergency Preliminary Injunction, Pennington-Thurman asks this Court to intervene and stop the state court proceedings that are pending against her. In support, she states "[t]here will be an injustice if the state court proceedings of the remand order continue at this time," and that she will suffer harm. (ECF No. 12). Pennington-Thurman has also filed a response to Sansone's motion to remand that she dated June 28, 2019, and that was entered in the Court's docket on July 9, 2019, the same day as the instant motions.

**Discussion**

Rule 59(e) motions "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation omitted).

Here, Pennington-Thurman neither identifies manifest errors of law or fact nor presents newly discovered evidence. Sansone filed a motion to remand. According to the Local Rules of this Court, a "party opposing a motion shall file, within seven (7) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies." E.D.Mo. L.R. 4.06(B). Therefore, it was not erroneous for the Court to note Pennington-Thurman's failure to timely respond to the motion. There is no "Rule 12(a)(c)" of the Federal Rules of Civil Procedure, but Rule 12(a)(1)(C), which may be the rule Pennington-Thurman intended to cite, is inapplicable. Additionally, even if Pennington-Thurman had timely filed the response she dated June 28, 2019, it would have provided no basis upon which to deny Sansone's motion to remand.

Pennington-Thurman's Motion for Emergency Preliminary Injunction will also be denied. In the motion, Pennington-Thurman asks this Court to "stop court proceedings in St. Louis Circuit Court" pending consideration of her Motion to Alter or Amend. (ECF No. 12). However, as discussed above, the Motion to Alter or Amend is meritless. Additionally, the Court notes that, on July 17, 2019, eight days after Pennington-Thurman filed the instant motions, the state court entered judgment against her and in favor of Sansone. *See Sansone Group LLC v. Pennington-Thurman,* No. 1922-AC05827 (22nd Jud. Cir. 2019). This Court does not have appellate jurisdiction over the state courts. *See Postma v. First Fed. Sav. & Loan,* 74 F.3d 160, 162 (8th Cir. 1996). Even if the state court case were still pending, this Court would decline to intervene under the principles dictated in *Younger v. Harris,* 401 U.S. 37 (1971).

Accordingly,

**IT IS HEREBY ORDERED** that Wilma M. Pennington-Thurman's Motion to Alter or Amend Judgment (ECF No. 11) is **DENIED.**

**IT IS FURTHER ORDERED** that Wilma M. Pennington-Thurman's Motion for Emergency Preliminary Injunction (ECF No. 12) is **DENIED.**

Dated this 22nd day of July, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

RECEIVED
AUG - 5 2019
U.S. District Court
Eastern District of MO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

SANSONE GROUP DDR LLC, for

MARYVILLE GARDENS APTS

Plaintiff                                                            Case No. 4:19-cv-01432-JAR

v.

WILMA PENNINGTON-THURMAN

Defendant

### DEFENDANT'S APPEAL OF CASE 4:19-CV-01432

COMES NOW, Defendant Wilma Pennington-Thurman files her appeal of the court's Memorandum and Order filed July 22, 2019.

Defendant Wilma Pennington-Thurman files this Notice of Appeal pursuant to Rule 4(a) Right to Appeal. In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from and Rule 5(b)(2)(c) which allows 3 days to be added of the period would otherwise expire under Rule 6 (a)(d).

Defendant filed a counterclaim to Plaintiff's rent and possession case in this court. The counterclaim was for her and those similarly situated. The Memorandum and Order from this court did not recognize the tenants living in the other 321 units in Maryville Gardens Apartments.

Respectfully submitted,

Wilma Pennington-Thurman

P. O. Box 771201

St. Louis, Missouri 63177

314 566-2106

US Court of Appeals - Eighth Circuit
NOA Supplement

**Caption:** Sansone Group DDR LLC v. Pennington-Thurman

**USCA#:**

**Case Number:** 4:19-CV-01432-JAR

**Plaintiff:** SANSONE GROUP DDR LLC

**Defendant:** WILMA M. PENNINGTON-THURMAN

**Attorney:**
Patrick T. McLaughlin (for pla)
1 N. Brentwood Blvd.
Suite 1000
St. Louis, MO  63105
Ph: 314-863-7733   Fax: 314-862-4656
Email: pmclaughlin@spencerfane.com

**Attorney:**
Wilma M. Pennington-Thurman
P.O. Box 771201
St. Louis, MO 63177
314-566-2106

**Court Reporter(s):** None

Please return files and documents to: Clerk for Eastern District of Missouri

Person to contact about the appeal: Mavis Gaines at (314) 244-7900

| Length of trial | Fee: | IFP: | Pending IFP Motion |
|---|---|---|---|
| N/A | None | None | |

| Counsel: | Pending Motions: | Local Interest: | Simultaneous Release: |
|---|---|---|---|
| No | No | No | No |

**Criminal Cases/Prisoner Pro Se  Cases Only:**

Is defendant incarcerated?: No    Where:

**Please list all other defendants in this case if there were multiple defendants:**